# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| RICHARD SMITH et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>KAYE-SMITH ENTERPRISES, INC.,<br><br>Defendant. | Case No.: 3:22-CV-01499-AR<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S *AMENDED* MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. Plaintiffs seek an order that (1) certifies the Settlement Classes (as defined below) for settlement purposes and appoints the Named Plaintiffs as Settlement Class Representatives and their counsel as Class Counsel; (2) appoints Epic Class Action Administration as Settlement Administrator; (3) preliminarily approves the settlement as fair, reasonable, and adequate; (4) approves the form, content, and manner of notices and the procedures for objecting to and opting out of the proposed Settlement Agreement; (5) directs notice to Settlement Class Members in accordance with the terms of the Settlement Agreement; and (6) sets a date for hearing to finally approve the Settlement Agreement ("Final Approval Hearing").

Plaintiffs' Motion is **GRANTED**. The Court has considered the terms of the Settlement Agreement in light of the issues presented in this case, the stage and complexity of the proceedings, the expense of further litigation, the range of possible recovery, the absence of any evidence of collusion between the Parties, and the experience of Class Counsel, and is preliminarily satisfied that the Settlement Agreement is fair, reasonable, and adequate. The Court also is satisfied that the

plan for sending notice of the Settlement to the Settlement Class is adequate, sufficiently informs Settlement Class members of the Settlement's terms and of the certification of the Settlement Class, and satisfies the requirements set forth in Federal Rule of Civil Procedure 23 and due process.

**THEREFORE, IT IS ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the Parties and the conditionally certified Settlement Class, as defined below.

2. This Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

3. The Court preliminarily certifies the following "Settlement Classes" for purposes of settlement only:

> The "Consumer Settlement Class" consisting of all individuals who had any information released, exposed, or impacted by the Data Security Incident, or were notified in writing by BECU, by Kaye-Smith, or by a Kaye-Smith client that their personal information was or may have been released, exposed, or impacted in the Data Security Incident.
>
> The "Business Settlement Class" consisting of all businesses or entities that had a business relationship with Kaye-Smith, including their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing, including Kaye-Smith's clients, and whether such relationship was by contract or not, and that were affected by the Data Security Incident, excluding those who have resolved their claims against Kaye-Smith prior to October 19, 2023.

4. Excluded from the classes are (1) the Court and all members of the Court's staff; (2) the officers and directors of Defendant and its Business Associates; (3) persons who have been separately represented by an attorney and entered into a separate settlement agreement in connection with the Data Incident; and (4) persons who timely and validly request exclusion from

the Settlement Class.

5. Based on the Court's review of the Settlement Agreement, Plaintiffs' Motion and supporting documents, the Court finds that conditional certification of the Settlement Classes for settlement purposes is appropriate under Federal Rule of Civil Procedure 23 because the Settlement Classes are ascertainable and so numerous that joinder would be impracticable, the action presents common issues of law and fact that predominate over any individual questions, Plaintiffs' claims are typical of Settlement Class members' claims, Plaintiffs and their counsel are adequate representatives of the Settlement Class, and a class action would be superior to thousands of individual lawsuits.

6. The Court appoints Richard Smith, Noel Woodard, Richard Krefting and Washington Federal Bank as Settlement Class Representatives, and John Heenan of Heenan & Cook, Ari Brown of Rhodes Legal Group, PLLC and Justin Baxter of Baxter & Baxter, LLP as Settlement Class Counsel.

7. The Court appoints Epiq Class Action Administration as Settlement Administrator, which shall fulfill the functions, duties, and responsibilities of the Settlement Administrator as set forth in the Settlement Agreement and this Order. By accepting this appointment, the Settlement Administrator has agreed to the Court's jurisdiction solely for purposes of enforcement of the Settlement Administrator's obligations under the Settlement Agreement.

8. The Court approves, as to form and content, the Postcard Notice and Long Form Notice attached as Exhibit B to Plaintiffs' Motion for Preliminary Approval and approves the Parties' plan for disseminating notice, which will ensure that Settlement Class Members will receive the best notice practicable under the circumstances. The Court finds that the method of providing notice to Settlement Class members and the procedure for exclusion requests and

objections to the Settlement specified in Section IX of the Settlement Agreement are reasonable and appropriate, and satisfy the requirements of due process and the Federal Rules of Civil Procedure.

9. Within five (5) business days of the date of this Order, the Settlement Administrator shall provide wiring instructions and a completed and executed IRS Form W-9 to Kaye-Smith.

10. Within ten (10) business days of the date of this Order, Kaye-Smith and its Business Associates (including BECU) shall provide the Settlement Administrator with a list of the names and all known contact information including email addresses of all Settlement Class Members. The Settlement Administrator has opined that publication or geo-targeted notice is not required to satisfy due process notice requirements. The Court accepts the Settlement Administrator's determination that publication or geo-targeted notice is not required to satisfy due process notice requirements.

11. Within twenty-one (21) calendar days after the date of this Order, Defendant shall wire or otherwise transfer the estimated costs of notice and settlement administration through the date of final approval to the Settlement Administrator.

12. The Settlement Administrator shall commence the Notice Program set forth in the Settlement Agreement within thirty (30) calendar days after the date of this Order (the "Notice Deadline").

13. Class Counsel shall file their motion for attorneys' fees and costs and service awards to the Settlement Class Representatives within ninety (90) days of this Order.

14. Any Settlement Class Member may exclude himself or herself from the Settlement by submitting a written request to the Settlement Administrator no later than fifty (50) calendar days after the Settlement Notice Date. Following final approval of the Settlement and the

occurrence of the Effective date, each Settlement Class Member who did not submit a timely, valid request for exclusion shall be bound by the releases in the Settlement Agreement.

15. Any Settlement Class Member may object to the settlement by submitting a written objection to the Settlement Administrator within fifty (50) calendar days after the Notice Deadline. The objection must include the information stated in the Settlement Agreement or the Court will not consider it. An objector who submits a timely, written objection, or their attorney, may appear at the Final Approval Hearing only if the objection includes a statement that either the objector or his counsel intends to appear.

16. Any Settlement Class Member may file a claim by submitting a valid claim form no later than seventy-five (75) calendar days after the Notice Deadline.

17. Class Counsel shall file a motion for final approval of the settlement within ninety (90) calendar days after the Notice Deadline.

18. The parties shall file any responses to objections and/or replies to the motion for final approval and motion for attorneys' fees, costs, and service awards, no later than fourteen (14) calendar days prior to the Final Approval Hearing.

19. The Court will hold a Final Approval Hearing on _____ at _____ to finally determine whether the prerequisites for class certification and treatment under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met; to determine whether the Settlement Agreement is fair, reasonable, and adequate, and should be approved by the Court; to determine whether the Final Approval Order and Judgment should be entered; to consider the application for attorneys' fees and expenses of Class Counsel; to consider the application for Service Awards to the Class Representatives; and to rule on any other matters that the Court may deem appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order

and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of Settlement Class Members.

20. Any interested person who has not opted out of the Settlement Class may appear at the Final Approval Hearing to argue that the proposed Settlement Agreement should or should not be approved as fair, reasonable, and adequate; provided, however, that no person shall be heard or entitled to contest the approval of the Settlement unless that person has filed with the Court a written objection stating their intention to appear and any supporting papers or briefs by the Objection Deadline. Any Settlement Class Member who does not submit an objection in the manner set forth in Section VII of the Settlement Agreement shall be deemed to have waived any objection to the Settlement Agreement and shall be foreclosed from making any objection to certification of the Settlement Class, to the fairness, adequacy or reasonableness of the Settlement Agreement, and to any attorneys' fees, cost reimbursements, or Service Awards to the Named Plaintiffs approved by the Court.

21. The Court retains jurisdiction over the Action and all matters arising out of or connected with the proposed Settlement Agreement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. After the Final Approval Hearing, the Court may approve the Settlement without further notice to Settlement Class Members.

22. If the Court does not enter the Final Approval Order, or if the Effective Date does not occur for any reason, the Parties will return to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings

or stipulations regarding the Settlement, including but not limited to certification of the Settlement Class, will be automatically void, vacated, and treated as if never filed.

SO ORDERED.

Signed on _____, 2024.

_____
Hon. Jeffrey Armistead
U.S. Magistrate Judge