IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

RICHARD SMITH et. al.,

　　　　　　Plaintiffs,

　　v.

KAYE-SMITH ENTERPRISES, INC.,

　　　　　　Defendant.

Case No. 3:22-cv-1499-AR

**ORDER GRANTING PLAINTIFFS' MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FOR ATTORNEY FEES AND COSTS**

WHEREAS, on August 7, 2024, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement consistent with the terms of the Parties' Settlement Agreement, and directing that Notice be given to the Settlement Class.

WHEREAS, under the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to object or opt out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether the Final Approval Order and Judgment should be entered dismissing this Litigation with

Page 1 – OPINION AND ORDER

prejudice;

WHEREAS, a Final Approval Hearing was held on January 7, 2025. Settlement Class Members were notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorney fees, costs, and expenses to Class Counsel, and requested Service Award Payment.

NOW, THEREFORE, the Court having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, reasonable, and adequate, having considered the application for attorney fees, expenses, and costs made by Class Counsel and the application for Service Award Payments to the Settlement Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

THIS COURT FINDS AND ORDERS AS FOLLOWS:

1. The capitalized terms used in this Final Approval Order have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. The parties will effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof will be deemed incorporated herein as if explicitly set forth and will have the full force of an Order of this Court.

1. There is one objection and 22 opt outs to the Settlement. Those Settlement Class Members who timely and properly excluded themselves from the settlement are identified in the exclusion report (ECF No. 105-1).

2. The Settlement Class, which will be bound by this Final Approval Order, includes all members of the Settlement Class who did not timely and properly exclude themselves.

3. For purposes of the Settlement and this Final Approval Order, the Court hereby:

a. certifies the following Settlement Classes under Federal Rule of Civil Procedure 23:

The "Consumer Settlement Class" consisting of all individuals who had any information released, exposed, or impacted by the Data Security Incident, or were notified in writing by BECU, by Kaye-Smith, or by a Kaye-Smith client that their personal information was or may have been released, exposed, or impacted in the Data Security Incident.

The "Business Settlement Class" consisting of all businesses or entities that had a business relationship with Kaye-Smith, including their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing, including Kaye-Smith's clients, and whether such relationship was by contract or not, and that were affected by the Data Security Incident, excluding those who have resolved their claims against Kaye-Smith prior to October 19, 2023.

b. appoints Plaintiffs Smith, Woodard, Krefting, and Washington Federal Bank, for settlement purposes only, as representatives for the Settlement Class;

c. appoints John Heenan, Justin Baxter and Ari Brown as Class Counsel; and

d. finds that the dissemination of Notice to Settlement Class Members: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Litigation; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude

themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion for a Fee Award and Costs and for Service Awards to the Class Representatives; (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for Service Awards to the Class Representatives and for a Fee Award and Costs; and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.

4. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

5. Within the time periods set forth in the Settlement Agreement, the Settlement benefits provided for in the Settlement Agreement will be paid to the Settlement Class Members submitting valid Claim Forms, in accordance with the terms and conditions of the Settlement agreement.

6. Upon the Effective Date, Settlement Class Members who did not validly and timely opt out will, by operation of this Final Approval Order, have fully, finally, and forever released, relinquished and discharged Defendant from all claims that were or could have been asserted in the action.

7. All Settlement Class Members who did not validly and timely opt out are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims

against Defendant released under the Settlement Agreement.

8. The terms of the Settlement Agreement and this Final Approval Order will have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney fees, costs, interest or expenses which were or could have been asserted in the Litigation or in any third party action.

9. The Final Approval Order, the Settlement Agreement, the Settlement which it reflects, and all acts, statements, documents, or proceedings relating to the Settlement are not, and will not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on the part of Defendant or of the validity or certifiability for litigation of any claims.

10. The Court finds a Service Award of $5,000 for each Consumer Class Representative and $2,500 for the Business Class Representative is fair and reasonable. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement.

11. The Court hereby approves an award of attorney fees in an amount of $666,666.00 and costs and expenses in an amount of $27,613.67. These amounts are to be paid out of the Settlement Fund, in accordance with the Settlement Agreement. The Court finds these amounts to be fair and reasonable. Specifically, the Court finds:

a. The percentage of the fund formula is preferable over the lodestar formula in this case given that the case did not present fee-shifting claims, Class Counsel undertook the case on a contingency fee basis and Class Representatives agreed to this fee structure, the percentage of the fund formula incentivized Class Counsel to be efficient with the prosecution of this case and in seeking maximum relief to the class, particularly given the cannibalizing/wasting insurance

policy at issue.

  b. The issues in this data breach case are complex and novel. They are a different outside the scope of what a general practitioner is capable of litigating. The amended complaint filed in this matter reveals the novelty and difficulty of the legal and factual issues presented here.

  c. Class Counsel confirmed via their submitted lodestar materials that significant time and effort went into achieving this settlement.

  d. Risk in this litigation was profound, both to the Class and to Class Counsel. This case involved very important issues to the class of data breach and remedies, and the resolution secures significant remedies for the Class Members. Class Counsel took this case on with significant risk that they would recover nothing given the numerous legal issues they faced.

  e. This Settlement reflects a significant monetary recovery for the Settlement Class and robust forward-looking relief with respect to Kaye-Smith's business practices, none of which would have occurred without the diligence and hard work of Class Counsel and is an excellent result.

  f. It would have been uneconomical for individual class members to bring separation actions against Kaye-Smith. Policy considerations thus favor rewarding class counsel for bringing this action on a contingency fee basis.

  g. Class Counsel are experienced in the fields of class actions and data breach cases and possessed the experience, skills, and reputations to achieve the results secured.

  h. Class Counsel undertook the significant risk of no recovery and had to forego other lucrative work to prosecute this case on behalf of the class.

  12. The Court has considered the objection to the Settlement by the Jones Objectors.

The Court finds and concludes that the objection is without merit, and is hereby overruled. Specifically, the Court finds:

    a.    The Objection is procedurally deficient as it is unsigned and contains no phone number.

    b.    The Objection is substantively deficient as Mr. Jones is not a class member and because the information Ms. Jones complains about being compromised, while unfortunate, was not the result of the data breach which is the subject of this litigation. (Davila Decl. ¶ 3, ECF No. 104.)

## CONCLUSION

This action is hereby dismissed against Defendant in its entirety, with prejudice. Except as otherwise provided in this Final Approval Order, the parties will bear their own costs and attorney fees. Without affecting the finality of the Judgment entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Settlement Agreement. Plaintiffs' Motions for Final Approval of the Class Action Settlement (ECF No. 101) and for Attorney Fees, Costs, and Incentive Awards (ECF No. 97) are GRANTED. All other pending motions are DENIED AS MOOT.

    IT IS SO ORDERED.

    DATED January 10, 2025

    _____
    JEFF ARMISTEAD
    United States Magistrate Judge